**BAKER & HOSTETLER LLP**
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Attorneys for Plaintiff
Deckers Outdoor Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>VARIOUS JOHN DOES; JANE DOES;<br>and XYZ COMPANIES,<br><br>Defendants. | CIVIL ACTION NO.<br><br>10 CV |

## COMPLAINT

Plaintiff Deckers Outdoor Corporation ("DOC"), through its attorneys, complaining of Defendants, alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for injunctive relief and profits under the Lanham Act and the common law based on Defendants' offering for sale counterfeit merchandise. It is brought to combat the willful sale and distribution of counterfeit products, specifically Plaintiff's core product, UGG boots, which bear Plaintiff's exclusive trademarks. Defendants, through the distribution, offering for sale, and selling of unlicensed and counterfeit

1

footwear irreparably damages DOC's through consumer confusion and tarnishment and dilution of its valuable trademarks.

## JURISDICTION AND VENUE

2. This claim arises under the Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*, particularly under 15 U.S.C. §1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C.§§ 1331 and 1338, 17 U.S.C. § 101, et seq. and 15 U.S.C. § 1121.

3. This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

## THE PARTIES

5. Plaintiff, Deckers Outdoor Corporation ("DOC"), is a Delaware corporation, with its principal place of business located at 495-A South Fairview Avenue, Goleta, California.

6. DOC designs and markets innovative, functional and fashion-oriented footwear developed for both high performance outdoor activities and everyday causal lifestyle use in interstate, intrastate and foreign commerce including in this State of New York.

7. DOC is well known throughout the United States and elsewhere as a source of high quality footwear including the UGG brand of premium sheepskin footwear.

8. Since 1995, when Plaintiff acquired the UGG trademark and associated goodwill, Plaintiff has built and substantially grown the goodwill of the UGG brand. The UGG brand is famous and an extremely valuable asset of Plaintiff.

9. Plaintiff is informed, believes and thereupon alleges that at all times relevant hereto defendants, various John Does, Jane Does and XYZ Companies (collectively referred to as "Defendants"), are and have been doing business in the city and state of New York and are and have manufactured and/or purchased, and/or sold and/or distributed merchandise wrongfully bearing Plaintiff's Trademarks.

10. Upon information and belief, due to the nature of the Defendants and their business practices, the identity of the various John Does, Jane Does and XYZ Companies is not presently known, and the Complaint herein will be amended, if appropriate, to include the name or names of said individuals when such information becomes available.

## PLAINTIFF'S TRADEMARKS

11. Plaintiff is the owner of the entire right, title and interest in and to, inter alia, the valid, subsisting Trademarks and uncanceled trademark registrations on the Principal Register of the United States Patent and Trademark Office and the common law Trademarks, which include, but are not limited to, the following:

## TRADEMARKS

| TRADEMARK | REGISTRATION NUMBER | REGISTRATION DATE | GOODS |
|---|---|---|---|
| UGG | 3,050,925 | January 24, 2006 | Men's, women's and children's footwear, namely, boots, shoes, clogs, slippers; men's, women's and children's clothing, namely, coats, jackets, ponchos; women's clothing, namely, skirts, muffs; children's buntings. |
| UGG | 3,061,278 | February 21, 2006 | Sheepskin handbags, carry-on bags, clutch bags, duffle bags, shoulder bags, tote bags, backpacks, daypacks, handbags, knapsacks, pocketbooks, purses, satchels and waist |

| | | | packs. |
|---|---|---|---|
| **UGG** | 3,360,442 | December 25, 2007 | Footwear, namely, sandals; clothing, namely, vests, mittens, scarves, headwear, caps, visors. |
| **UGG** | 3,412,734 | April 15, 2008 | Wallets and key cases. |
| **Design Only** | 3,624,595 | May 19, 2009 | Footwear. |
| **Design Only** | 3,636,029 | June 9, 2009 | Leather bags. |
| **Design Only** | 3,825,543 | July 27, 2010 | Coats, jackets, vests, ponchos, gloves, mittens, headwear, wraps, scarves, sweaters. |

(hereinafter collectively referred to as "Plaintiff's Registered Trademarks"). Copies of Plaintiff's Trademark Registrations, as listed on the U.S. Patent and Trademark Office's website, are attached as Exhibit 1.

12. Plaintiff's Registered Trademarks are in full force and effect, have never been abandoned and have been used for many years on and in connection with Plaintiff's products.

13. Plaintiff's Registered Trademarks and the "UGG" trade name and the goodwill of the business associated there within the United States and throughout the world are of great and incalculable value, are highly distinctive and arbitrary, and have become associated in the public mind with the products and services of the very highest quality and reputation finding their source in Plaintiff. Plaintiff's products, whether manufactured itself or licensed for others to manufacture, are always made of high quality materials subject to Plaintiff's highest quality standards.

14. Based on Plaintiff's extensive sales and advertising of its products and the wide popularity of these items, Plaintiff's Registered Trademarks have developed a secondary meaning and significance in the minds of the purchasing public and products bearing Plaintiff's Registered Trademarks are immediately identified by the purchasing public with Plaintiff. Plaintiff's products are enormously popular with the public as demonstrated by its millions of dollars in sales.

## DEFENDANTS' INFRINGING ACTIVITIES

15. Upon information and belief, Defendants have infringed and threaten to further infringe Plaintiff's Registered Trademarks by manufacturing, distributing and selling unauthorized merchandise. The unauthorized products which are being manufactured, distributed and sold by Defendants utilize simulations and unauthorized copies of products bearing the Plaintiff's Registered Trademarks. The display of such infringing products by Defendants is an unauthorized public display of products bearing the Plaintiff's Registered Trademarks. The marketing of such counterfeit and infringing products by Defendants is an unauthorized distribution of copies of products bearing the Plaintiff's Registered Trademarks.

16. Long after Plaintiff's adoption and use of its Trademarks on footwear and other accessories, and long after Plaintiff's federal registration of its Trademarks, Defendants, on information and belief, commenced the manufacture, distribution, and sale of merchandise bearing counterfeits and infringements of Plaintiff's Trademarks as those Trademarks appear on Plaintiff's products and as shown in the U.S. Trademark Registrations attached to this Complaint.

17. Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's Registered Trademarks, are in total disregard of the Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that the use of any of the Trademarks of Plaintiff, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights. The use by Defendants of copies of Plaintiff's Registered Trademarks have been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in

particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

## COUNT I
## TRADEMARK COUNTERFEITING
## 15 U.S.C §1114

18. Plaintiff repeats and realleges all prior allegations.

19. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Registered Trademarks on goods covered by registrations for Plaintiff's Trademarks.

20. Defendants are intentionally and willfully using these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of counterfeit goods for their own personal financial gain and such intentional and willful conduct by the Defendants make this an exceptional case.

21. Defendants' use of the Plaintiff's Registered Trademarks to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Plaintiff.

22. Defendants' unauthorized use of Plaintiff's Registered Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Plaintiff's Registered Trademarks in commerce.

23. Defendants' unauthorized use of the Plaintiff's Registered Trademarks as set forth above is likely to:

    (a)    cause confusion, mistake and deception;

    (b)    cause the public to believe that Defendants' counterfeit products are the same as Plaintiff's products and/or that Defendants are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff;

(c)   result in Defendants unfairly benefiting from Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff's advertising and promotion and profiting from the reputation of Plaintiff and its Registered Trademarks all to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Trademarks and the substantial goodwill represented thereby.

24.   Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

25.   Plaintiff has no adequate remedy at law and have suffered and continue to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined but believed to be in excess of Two Million Dollars ($2,000,000).

26.   Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

27.   Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

## COUNT II
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §1114

28.   Plaintiff repeats and realleges all prior paragraphs.

29.   Plaintiff's Registered Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiff.

30.   Based on Plaintiff's extensive advertising, sales and the wide popularity of Plaintiff's products, Plaintiff's Registered Trademarks have acquired secondary meaning so that any product and advertisement bearing such Trademarks is immediately associated by purchasers and the public as being a product and affiliate of Plaintiff.

31. Defendants use Plaintiff's Registered Trademarks in connection with Defendants' sale, distribution and advertising their counterfeit and infringing goods.

32. Defendants' activities as aforesaid constitute Defendants' use in commerce of Plaintiff's Registered Trademarks.

33. Defendants have used Plaintiff's Registered Trademarks without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

34. Defendants have intentionally used Plaintiff's Registered Trademarks knowing they are the exclusive property of Plaintiff in connection with the offering for sale, sale and distribution of counterfeit goods.

35. Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiff's Registered Trademarks.

36. Plaintiff has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its Trademarks is at the mercy of Defendants' unscrupulous tactics.

37. Defendants' activities as aforesaid create the false and misleading impression that Defendants are sanctioned, assigned or authorized by Plaintiff to use Plaintiff's Registered Trademarks to advertise, manufacture, distribute, appraise, offer for sale or sell counterfeit products bearing Plaintiff's Registered Trademarks when Defendants are not so authorized.

38. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiff when the Defendants are not.

39. Defendants' unauthorized use of Plaintiff's Registered Trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiff advertising and promotion and profiting from Plaintiff's reputation and its Registered Trademarks, to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Registered Trademarks and the substantial goodwill represented thereby.

40. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

41. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiff to continue to suffer great and irreparable injury. Plaintiff has no adequate remedy at law.

42. Plaintiff is informed and believes and thereon alleges that Defendants' infringement is both intentional and egregious.

43. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

44. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

## COUNT III
## FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND REPRESENTATIONS
## 15 U.S.C. §1125(a)

45. Plaintiff repeats and realleges all prior allegations.

46. Defendants have, in connection with their goods, used in commerce, and continue to use in commerce, Plaintiff's Registered Trademarks.

47. Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including the Plaintiff's Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendants.

48. Defendants use one or more of the Plaintiff's Registered Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.

49. Defendants' use of Plaintiff's Trademarks on the counterfeit goods constitutes false descriptions and representations tending to falsely describe or represent Defendants and Defendants' products as being authorized, sponsored, affiliated or associated with Plaintiff.

50. Defendants use one or more of Plaintiff's Registered Trademarks on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

51. Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Plaintiff in

violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Defendants' wrongful acts will continue unless enjoined by this Court.

53. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

54. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

## COUNT IV
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. &1125(c)

55. Plaintiff repeats and realleges all prior allegations.

56. Plaintiff is the exclusive owner of the Registered Trademarks herein.

57. Defendants' use of Plaintiff's Registered Trademarks on the counterfeit goods they sell constitutes Defendants' commercial use in commerce of Plaintiff's Registered Trademarks.

58. These marks have been used for several years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. §1125(c).

59. Plaintiff's Registered Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute to Plaintiff, Defendants' use of Plaintiff's Registered Trademarks as a source of origin, authorization and/or sponsorship for the products Defendants sell and further, purchase Defendants' products in the erroneous

belief that Defendants are associated with, sponsored by or affiliated with Plaintiff, when Defendants are not.

60. Plaintiff has not authorized or licensed the use of these Trademarks to Defendants.

61. Defendants' unauthorized use of Plaintiff's Registered Trademarks in their marketing, sale and distribution of counterfeit products are diluting the distinctive quality of the Plaintiff's Trademarks and the goodwill associated with them in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(c).

62. Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendants from committing further wrongful acts.

63. Upon information and belief, Defendants intentionally and willfully utilized Plaintiff's Registered Trademarks and traded on Plaintiff's reputation and goodwill.

64. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

65. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined but believed to be in excess of Two Million Dollars ($2,000,000).

### COUNT V
### INJURY TO BUSINESS REPUTATION AND DILUTION
### NEW YORK GENERAL BUSINESS LAW § 360-1

66. Plaintiff repeats and realleges all prior allegations.

67. Plaintiff, on behalf of the general public, as well as for itself seeks recovery from Defendants for violation of New York General Business Law § 360-1, *et seq.*

68. By virtue of Defendants' unauthorized use of Plaintiff's Registered Trademarks, such

use trading on the good will associated with Plaintiff, Defendants have misled and will continue to mislead the public into assuming a connection between Plaintiff and Defendants' products.

69. By falsely suggesting a connection with or sponsorship by Plaintiff, Defendants are likely to cause public confusion constituting unfair competition within the meaning of New York Business Law § 360-1.

70. If such action on the part of Defendants continue, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

71. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount to be determined at trial.

72. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount to be determined at trial.

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT

73. Plaintiff repeats and realleges all prior allegations.

74. Defendants' acts previously alleged herein constitute common law trademark infringement.

75. Plaintiff is without adequate remedy at law, as Defendants' acts have caused Plaintiff irreparable harm to its business reputation, good will and stature in the business community.

76. Plaintiff is informed and believe and thereon allege that Defendants committed the above alleged acts oppressively, fraudulently, maliciously and in conscious disregard of

Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendants.

77. The manufacture, distribution and sale of the unauthorized and infringing products by Defendants are without any permission, license or other authorization from Plaintiff. The said unauthorized products are being distributed and sold in interstate commerce.

78. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount to be determined at trial.

79. Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount to be determined at trial.

## COUNT VII
## MISAPPROPRIATION AND UNFAIR COMPETITION
## UNDER NEW YORK COMMON LAW

80. Plaintiff repeats and realleges all prior allegations.

81. Defendants' aforesaid acts constitute misappropriation and infringement of Plaintiff's property rights, goodwill and reputation and unfair competition under the common law of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

I. That preliminary and permanent injunctions be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

A. Using any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Registered Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Registered Trademarks;

C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D. Further infringing Plaintiff's Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Registered Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Registered Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed,

15

sold or rented by defendants is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G. Constituting an infringement of any of Plaintiff's Registered Trademarks or of Plaintiff's rights in, or to use or to exploit, said Registered Trademarks, or constituting any dilution of Plaintiff's name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Registered Trademarks; and

I. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H).

II. Directing that Defendants deliver up for destruction to Plaintiff all unauthorized products and advertisements in their possession or under their control bearing any of Plaintiff's Registered Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. §1118.

III. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

16

IV. Directing Defendant to supply Plaintiff with the name and address of each person or entity from whom or from which is has purchased any item bearing Plaintiff's Trademarks.

V. Directing Defendants, within thirty (30) days after the service of judgment upon it, with notice of entry thereof, to file with the Court, and serve upon Plaintiff, a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs I through IV.

VI. Awarding to Plaintiff the Defendants' profits from its unlawful acts herein alleged as Defendants' total sales of merchandise bearing any one or more of the Plaintiff's Trademarks, less any elements of cost or deductions proved by Defendants and allowed by law.

VII. Awarding to Plaintiff the damages from Defendants' unlawful acts herein alleged.

VIII. Pursuant to 15 U.S.C. § 1117(a), directing Defendants to pay Plaintiff all of the profits assessed pursuant to paragraph VI, *supra*, together with three times the amount of damages assessed pursuant to paragraph VII, *supra*, with prejudgment interest on the foregoing sums.

IX. In the event that the Court determines that Defendants intentionally used a mark knowing that such mark was a counterfeit mark, directing Defendants to pay Plaintiff:

   a. Pursuant to 15 U.S.C. § 1117(a) and (b) all of the profits assessed pursuant to paragraph VI, *supra*; plus,

   b. Pursuant to 15 U.S.C. § 1117(a) and (b) three times the profits assessed pursuant to paragraph VI, *supra*, or three times the damages assessed pursuant to paragraph VII, *supra*, whichever is greater; and,

c.  Prejudgment interest on the foregoing sums at an annual interest rate established under 26 U.S.C. § 6621(a)(2) commencing as of the sate if the service of the complaint herein.

X.  Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

XI.  Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

XII.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

Dated:  New York, New York  
November 5, 2010

**BAKER HOSTETLER LLP**

By: _____  
Heather J. McDonald, Esq. (HM 3320)  
45 Rockefeller Plaza  
New York, NY 10111  
(212) 589-4200  
Attorneys for Plaintiff

503108848.1