**BAKER & HOSTETLER LLP**
Heather J. McDonald (HM 3320)
Robertson D. Beckerlegge (RB 1829)
45 Rockefeller Plaza
New York, New York  10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Attorneys for Plaintiff
Deckers Outdoor Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, <br><br> Plaintiff, <br><br> -against- <br><br> VARIOUS JOHN DOES; JANE DOES; and XYZ COMPANIES, <br><br> Defendants. | 10 CV ____ <br><br> **DECLARATION OF <br> HEATHER J. MCDONALD** |

I, Heather J. McDonald, declare as follows:

1.     I am a Partner with Baker & Hostetler LLP.  I have been retained by Plaintiff Deckers Outdoor Corporation ("DOC" or "Plaintiff") to investigate the sale of counterfeit merchandise being sold in New York City and to assist in the prosecution of individuals and entitles found trafficking in counterfeit DOC merchandise.

2.     Since December of 1994, I have been involved in actions permitting the search for and seizure of counterfeit items bearing similar trademarks to the DOC Trademarks.

3.     I, and others working under my direction, are thoroughly familiar with the qualities and features of genuine merchandise manufactured by the Plaintiff as well as the counterfeit versions of these articles.

4. In situations of clear infringement and counterfeiting, as in this instance, plaintiff such as DOC can seldom secure meaningful relief since the infringing merchandise soon disappears and the true source of such merchandise often is never discovered. Even a short amount of time (as little as twelve hours) between service of a notice of temporary restraining order or preliminary injunction hearings and the actual conduct of such hearing typically results in the unavailability of records relating to acquisition or disposition of counterfeit and/or infringing merchandise and the concomitant absence of most of the counterfeit and/or infringing merchandise itself. My firm's extensive experience in this area closely parallels the factual situation related *in re Vuitton et Fils, S.A.*, 606 F.2d 1 (2d Cir. 1979).

5. In the last several months, DOC has been the victim of an unparalleled wave of counterfeiting. This trafficking in counterfeit DOC products constitutes a most serious problem for DOC as the manufacture, offering for sale and sale of counterfeit, infringing goods by numerous unscrupulous entities greatly damages DOC and its reputation for quality, both in the trade and with the purchasing public.

6. In appropriate cases like this, this firm has sought on behalf of its clients, and numerous courts have granted, temporary restraining and seizure orders without notice in order to remove the opportunity for defendants to dispose of any counterfeit and/or infringing merchandise currently being held by them. As a result, our clients have been able to maintain the status quo with respect to the defendants' inventories of counterfeit merchandise. Absent such orders, counterfeiters invariably conceal or transfer their merchandise when they realize that they are about to be apprehended. It is equally important for DOC to seize any records which exist relative to the acquisition and sale of such goods before they, too, "disappear."

7. It is essential to the protection of the DOC name and the interests of the consuming public that

the path of the counterfeit DOC goods network be traced to the source of the counterfeit products. Unless this court grants an appropriate seizure order and temporary restraining order, DOC will not be able to trace successfully the path of the counterfeit DOC merchandise distribution chain beyond the present defendants.

8. The Trademark Counterfeiting Act of 1984 serves to underscore these conclusions. By imposing substantial criminal sanctions for the intentional distribution of counterfeit merchandise, Congress has effectively increased the likelihood that counterfeiters will attempt to conceal all evidence of their illegal enterprise.

9. We are proceeding by Order to Show Cause in this action because, unless the sale of infringing DOC merchandise is immediately stopped, DOC will suffer immediate and irreparable injury to its reputation and the demand for items bearing the DOC trademarks will be lessened.

10. The evidence offered by Plaintiff in support of this application clearly demonstrates that the issuance of a seizure order without notice is the only means of ensuring that additional evidence of defendants' counterfeiting activities will be obtained and preserved.

11. For the foregoing reasons, it is submitted that this case presents those unusual circumstances which require the issuance of temporary restraining and seizure orders without notice.

12. Pursuant to 15 U.S.C. § 1116(02), the United States Attorney for this District has been informed by letter of Plaintiff's intent to seek an order without notice directing the seizure of defendants' counterfeit DOC merchandise and all records relating thereto. A copy of this letter is attached hereto as Exhibit 1.

13. Further, DOC has not publicized this action, has not disclosed the names of defendants in this case and has not publicly revealed that this action is contemplated, as

required by 15 U.S.C. § 1116(d)(4)(B)(ii).

14. Expedited discovery of the defendants in this action, pursuant to 15 U.S.C. § 1116 and Rules 30 and 34 of the Federal Rules of Civil Procedure, is required by Plaintiff in order for it to determine the actual extent of defendants' use of the counterfeit and infringing trademarks. Further, in order to effectively halt distribution of counterfeit and infringing merchandise, it is vitally important for Plaintiff to determine with certainty the source of such merchandise, as well as the customers to whom defendants have sold the same and the volume of such purchases and sales. With such information in hand, Plaintiff can determine what further action is required and can best decide how to proceed in fully protecting its reputation and enforcing its rights.

15. A surety bond of approximately $5,000 is generally considered appropriate in these proceedings.

16. No previous request for the relief sought herein has been made.

17. Given the nature of the defendants, an Order, other than an ex parte seizure order, would not be adequate and Plaintiff would suffer irreparable injury if the Order is not granted.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the foregoing is true and correct.

Executed this 8th day of November, 2010 in New York, New York.

_____
HEATHER J. MCDONALD